State v. Oliver et al.

THE STATE v. SAMUEL OLIVER ET AL.

1. It is error to blend two or more roads in one application and return; each road must be applied for separately.

2 It is error, in assessing the damages sustained by land owners by the laying out of a road, to assess a sum to A. B. and others; the damage to each owner must be assessed to him by name.

3. It must appear by the return of the laying out of a road, through whose lands it passes, that the damages may appear to be rightly assessed.

This was a *certiorari*, sued out by Gideon Ender, James B. Laing, and John D. Marsh, directed to the Essex county Court of Common Pleas, to bring up the appointment of surveyors to lay out roads, and their proceedings thereupon.

From the return, it appeared that the surveyors were appointed upon one application to lay out two roads, included in one petition; that they laid out both roads in one return, without specifying through whose lands each road run; that, in the assessment of damages, they assessed a certain sum to " William Edgar and others," without naming them or dividing the damages; and that, in the return, it was not shown for which of the two roads the land of any particular person was appropriated. Freeholders appointed to review the same had certified that part of one road was unnecessary, and that the residue thereof and the other road were necessary.

Argued before Justices ELMER and POTTS, by Mr. *F. B. Chetwood*, for plaintiff in *certiorari*, and Mr. *Kingman*, for defendants.

Mr. *F. B. Chetwood*. The surveyors have made their return. We object to it—

1. That surveyors have made but one return, though they lay out two roads. There was one application, and they met at same time.   2. We say this was two applications, and one order appointing surveyors to lay out the *two* roads.

Both roads were laid, *one* Miller avenue, the other *Hamilton street*. We want to vacate Hamilton street. The freeholders set aside *part* of Hamilton street.

State v. Oliver et al.

Points for reversal.

1. The return includes two roads. It should be a separate return for each road. Every road is distinct; a single matter. Should be separate *applications; return* separate, &c. The difficulty of reviewing, &c.

2. The assessment of damages does not specify for *which road the damages are assessed.*

3. Does not appear, from the description, through *whose lands* the different roads run.

4. Because a gross amount of damages was assessed; to *W. Edgar et al.* so much, and not separate amount due each. This is an adjudication, and should be so assessed that each owner may have his action separately. If *Edgar et al.* are tenants in common, it should say so, and who the tenants are, and their interest.

Mr. *Kingman.*

1. Two roads in one return. 2 *Halst.* 38; 3 *Harr.* 183. As Miller avenue starts in middle of Hamilton street, and Hamilton street was not laid out they could not be separated.

2. Does not mention by which road land assessed; to whom. The whole is one thing.

3. Edgar is here complaining, and no other land owner. His land is designated on the map.

Can a party not named in the assessment complain of the assessment, and move to have road vacated on that ground ?

*Ender, Lane,* and *Marsh* are the prosecutors. *Marsh* only, of them, is named in the assessment. His land is specified on map. Edgar is satisfied; road through him set aside heretofore by freeholders.

POTTS, J.   The first reason assigned for setting aside the return of the surveyors of highways in this case is, that the said surveyors have included two separate and different roads in one and the same return.

It appears, from the return to the *certiorari* in this case, that Samuel Oliver and others, ten or more freeholders and

residents of the county of Essex, applied to the Essex pleas, in September term, 1851, for the appointment of surveyors to lay out *two* public roads or streets in the town of Rahway in *one* petition; that *one* order was made appointing six surveyors, to proceed as the law directs, and that said surveyors laid out the *two* roads applied for, and made *one* return and map embracing both roads.

The act concerning roads (*Rev. Stat.* 515), which authorizes and regulates these proceedings, directs that when ten or more freeholders shall think a public *road* necessary, they may apply for the appointment of surveyors, &c.; and throughout the statute the singular noun is invariably used.

There is therefore nothing in the language of the statute which would seem to contemplate that two or more roads may be embraced in one and the same application, proceeding, and return; and we are not aware that any such practice has ever prevailed or been expressly sanctioned in this state under our road act. And the case now before us furnishes an illustration of the difficulty which may result from such a practice. Here the surveyors laid out two roads, one called Hamilton street, and the other Miller avenue. Chosen freeholders subsequently vacated part of Hamilton street, and we are asked to set aside the return, so far as respects the remaining part of that street. Miller avenue, to which there is no objection made, *begins in Hamilton street;* and if we set aside the return as to that street alone, Miller avenue will remain, having its beginning in a lot or field, and the township will be left to pay the damages for land taken for a road which is thus rendered comparatively useless.

This question has been incidentally alluded to in two or three cases heretofore before the court. The first was in *Matter of Highway*, 2 *Halst.* 37. There the application was to lay out a road on either of two routes, and it was held bad; but Justice Ford said that an application might be made for two or three distinct roads in the same application. This, however, was a mere remark outside of the case, and, so far as appears, not concurred in by either of the judges who sat with him.

The next case is that of *The State* v. *Green*, 3 *Harr.* 179. The petition here was to lay out one road, and vacate another; and one question made was, whether this was not bad. It was contended, by the counsel of the plaintiff in *certiorari*, that the court could not, by one order and upon one application and notice, appoint surveyors to lay out two distinct roads, or to lay out one, and vacate another; and several cogent questions, suggestive of difficulties in the way of such a proceeding, were put.    C. J. *Hornblower* said these were questions deserving an answer, and when it became necessary the court must give one; and referring to the remark of Justice *Ford*, in 2 *Halst.* 37, that two or three distinct roads might be embraced in one application, he said, " I am not now prepared to say it cannot be done; but I am inclined to think that in such case there ought to be separate returns, so that they may be severally disposed of according to law." He, however, gave no opinion on the point.

In the *State* v. *Bergen*, 1 *Zab.* 343, the application was to lay a new road, and vacate so much of an old one as was covered by it; and the court held this to be proper, because if the road, as applied for, should be laid out, the old road must necessarily be vacated; and that there should not be separate returns in *such a case*, because the return of the surveyors laying out the road might be set aside for some irregularity in their proceedings, and their other separate return vacating the old road be confirmed, which would be embarrassing, and might work inconvenience to the public.    But the court, in this case, declined expressing an opinion upon the propriety of the practice of blending in the same petition an application to lay out and vacate separate and independent roads.

This case might seem to favor the idea that where two or more roads which are *dependent* on each other, that is, so connected by intersection or otherwise that one will be unnecessary or undesirable without the other, are applied for, there should be but one petition and one return, if it followed, as a matter of course, that an error in laying one of the roads vitiated the proceedings as to *all*.

But if we establish the doctrine, that there is *no error* in

blending two or three roads in one application, upon what principle can we say that an error in the proceedings as to one road is fatal as to all ? In the present case, for example, the *certiorari* issued to bring up the proceedings had in laying out Hamilton street only. Nobody complains of the laying out of Miller avenue ; the proceedings as to that are only before us because inseparably blended with those in the other case. Then, again, suppose there is error in the proceedings as to Hamilton street, and we set aside the return as to that, what then is to be done with the return as to Miller avenue ? That must be recorded to give it effect, and it cannot be recorded without also recording the return as to Hamilton street with the map on which both streets are laid out.

Upon the whole, I am satisfied that it is error to blend two or more roads in one application and return. The practice, if sanctioned, will lead to far greater difficulty and inconvenience than benefit to the public, and for this reason the whole return, &c., must be reversed and set aside.

There were other objections taken to these proceedings, but it is unnecessary to notice them further than to say, that an assessment of damages to A. B. *and others* is bad ; it ought to specify the names of all the persons whose lands are taken, and the amount assessed to each owner. *Pamph. L.* 1850, p. 162. And it should also appear, by the return and map, through whose land the road is laid, to show that the assessment is warranted.

ELMER, J., concurred.